IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02228-REB-MEH

SCOTT L. HOWARD,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director of the Colorado Department of Corrections, in his official capacity,
ROBERT CANTWELL, Director of Prisons, in his individual and official capacities,
SCOTT H. HALL, Warden of the Denver Reception and Diagnostic Center, in his individual and official capacities,
DONA ZAVISLAN, Associate Warden of the Denver Reception and Diagnostic Center, in her individual and official capacities,
SERGEANT JANE DOE, Intake Sergeant at the Denver Reception and Diagnostic Center, in her individual and official capacities,

    Defendants.
_____

**ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND
FROM DEFENDANTS ARISTEDES ZAVARAS, ROBERT CANTWELL,
SCOTT H. HALL, AND DONA ZAVISLAN**
_____

Defendants Aristedes Zavaras, Robert Cantwell, Scott H. Hall and Dona Zavislan, by and through their counsel, Andrew D. Ringel, Esq. of Hall & Evans, L.L.C., hereby respectfully submit their Answer to Plaintiff's Complaint and Jury Demand, as follows:

## I.    INTRODUCTION

1.    Defendants Aristedes Zavaras, Robert Cantwell, Scott H. Hall and Dona Zavislan (hereinafter "Defendants") admit Plaintiff Scott L. Howard was previously incarcerated by the Colorado Department of Corrections (hereinafter "DOC") and was

previously incarcerated at the Denver Reception and Diagnostic Center (hereinafter "DRDC").  Defendants deny all of the remaining allegations contained in paragraph 1 of Plaintiff's Complaint and Jury Demand (hereinafter "Plaintiff's Complaint").

2. Defendants deny all of the allegations contained in paragraph 2 of Plaintiff's Complaint.

## II.   JURISDICTION AND VENUE

3. Defendants admit Plaintiff attempts claims against the Defendants pursuant to 42 U.S.C. § 1983.  Defendants deny Plaintiff states any cognizable claim against the Defendants.  Defendants admit this Court possesses subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331.  Defendants deny all of the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).  Defendants deny all of the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants deny all of the allegations contained in paragraph 5 of Plaintiff's Complaint.

## III.   PARTIES

6. Defendants admit, upon information and belief, that Plaintiff is a citizen of the United States and was previously a resident of the State of Colorado during the time he was incarcerated by the DOC.  Defendants deny all of the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants admit Plaintiff was previously incarcerated by the DOC. Defendants affirmatively state that upon information and belief the Plaintiff is currently an inmate of the Federal Bureau of Prisons and is incarcerated at CCM Chicago. Defendants deny all of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants admit Aristedes Zavaras is the Executive Director of the DOC. Defendants admit Mr. Zavaras generally acts under color of state law in his capacity as Executive Director of the DOC.  Defendants state the duties and responsibilities of Mr. Zavaras as the Executive Director of the DOC are defined by applicable Colorado law and the regulations, policies and procedures of the DOC.  Defendants admit Mr. Zavaras is a citizen of the United States and a resident of the State of Colorado. Defendants deny all of the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit Robert Cantwell is the Director of Prisons of the DOC. Defendants admit Mr. Cantwell generally acts under color of state law in his capacity as Director of Prisons of the DOC.  Defendants state the duties and responsibilities of Mr. Cantwell as the Director of Prisons of the DOC are defined by applicable Colorado law and the regulations, policies and procedures of the DOC.  Defendants admit Mr. Cantwell is a citizen of the United States and a resident of the State of Colorado. Defendants deny all of the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants admit Scott H. Hall is the Warden of DRDC. Defendants admit Mr. Hall generally acts under color of state law in his capacity as Warden of DRDC. Defendants state the duties and responsibilities of Mr. Hall as the Warden of Prisons of the DOC are defined by applicable Colorado law and the regulations, policies and procedures of the DOC. Defendants admit Mr. Hall is a citizen of the United States and a resident of the State of Colorado. Defendants deny all of the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendants admit Dona Zavislan is the Associate Warden of DRDC. Defendants admit Ms. Zavislan generally acts under color of state law in her capacity as Associate Warden of DRDC. Defendants state the duties and responsibilities of Ms. Zavislan as Associate Warden of DRDC are defined by applicable Colorado law and the regulations, policies and procedures of the DOC. Defendants admit Ms. Zavislan is a citizen of the United States and a resident of the State of Colorado. Defendants deny all of the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore deny same.

### IV.    FACTUAL ALLEGATIONS

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint and therefore deny same.

14. Defendants admit the 2-11 Crew is listed within the DOC as a Security Threat Group. Defendants admit that DOC Administrative Regulation No. 600-07 defines a Security Threat Group or "STG" as follows: "A group of three or more individuals with a common interest, bond, or activity characterized by criminal or delinquent conduct, engaged in either collectively or individually, with the potential to create a security threat to DOC facilities and/or functions within DOC. This shall include, but not be limited to, gangs and disruptive and deviant groups." Defendants deny all of the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint and therefore deny same.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint and therefore deny same.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore deny same.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint and therefore deny same.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint and

therefore deny same.

20. Defendants state that any report prepared by Lawrence K. Graham of the DOC's Inspector General's Office in February 2006 in its entirety speaks for itself. Defendants deny all of the allegations contained in paragraph 20 inconsistent with any report prepared by Mr. Graham in February 2006. Defendants deny all of the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint and therefore deny same.

22. Defendants state that any electronic record of "custody issues" contained in the Plaintiff's file on the DOC's DCIS computer system created by Rex Kohle or anyone else in its entirety speaks for itself. Defendants deny all of the allegations contained in paragraph 22 inconsistent with the DCIS computer system records concerning the Plaintiff. Defendants deny all of the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny all of the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants admit DOC Administrative Regulation No. 100-40 implements the Prison Rape Elimination Act of 2003, 42 U.S.C. §§ 15601 *et seq.* Defendants state the provisions of both the Prison Rape Elimination Act of 2003 and DOC Administrative Regulation No. 100-40 in their entirety speak for themselves. Defendants deny all of the allegations contained in paragraph 24 of Plaintiff's Complaint inconsistent therewith.

Defendants deny all of the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants admit that for part of the day on September 18, 2007, Plaintiff was incarcerated at DRDC. Defendants admit that Plaintiff was transferred from the custody of the DOC to the custody of the U.S. Marshals Service on September 18, 2007. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 25 of Plaintiff's Complaint and therefore deny same.

26. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint and therefore deny same.

27. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint and therefore deny same.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint and therefore deny same.

29. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint and therefore deny same.

30. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint and

therefore deny same.

  31. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint and therefore deny same.

  32. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint and therefore deny same.

  33. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint and therefore deny same.

  34. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint and therefore deny same.

  35. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint and therefore deny same.

  36. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint and therefore deny same.

  37. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Complaint and therefore deny same.

38. Defendants admit Plaintiff reported an alleged assault that occurred at DRDC perpetrated by Simon Shimbel on September 18, 2007, to a representative of the Jefferson County Detention Center on September 24, 2007. Defendants deny all of the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint and therefore deny same.

40. Defendants admit Plaintiff reported an alleged assault that occurred at DRDC perpetrated by Mr. Shimbel on September 18, 2007, to a representative of the Jefferson County Detention Center on September 24, 2007. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 40 of Plaintiff's Complaint and therefore deny same.

41. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint and therefore deny same.

42. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint and therefore deny same.

43. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint and therefore deny same.

## V.     STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983—Eighth Amendment and Fourteenth Amendment
Violations—Cruel and Unusual Punishment Against All Defendants)

44. Defendants incorporate herein by reference all of their answers to all of the allegations contained in paragraphs 1 through 43 as their answer to paragraph 44 of Plaintiff's Complaint.

45. Defendants deny all of the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny all of the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny all of the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny all of the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Defendants deny all of the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. Defendants deny all of the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendants deny all of the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendants deny all of the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Defendants deny all of the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendants deny all of the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. Defendants deny all of the allegations contained in paragraph 55 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Defendants deny all of the allegations following the word "Wherefore" on page 13 of the Plaintiff's Complaint, including all of the allegations contained in subparagraphs (a) through (g), and also deny Plaintiff's entitlement to any damages or other relief from Defendants.

## GENERAL DENIAL

Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim as to which any relief may be granted.

2. All or part of Plaintiff's claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted.

3. Defendants' actions were taken for legitimate, nondiscriminatory penological purposes.

4. The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom Defendants has no control or right of control.

5. Plaintiffs failed to mitigate his damages, if any, as required by law.

6. Defendants never breached any duty owed Plaintiff at any time in the course of his incarceration.

7. At all times pertinent herein, Defendants acted in accordance with all common law, statutory, regulatory, policy, and constitutional obligations and without any intent to cause Plaintiff any harm.

8. Some or all of the Plaintiff's claims are barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §§ 1997e *et. seq.*

9. Defendants may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution.

10. Defendants in their individual capacities are entitled to qualified immunity from the Plaintiff's claims pursuant to 42 U.S.C. § 1983.

11. Defendants' conduct was, at all times, lawful, justified and privileged and any actions complained of by Plaintiff in relation to Defendants were justified by penological reasons.

12. Plaintiffs' injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Defendants, nor were they proximately caused by or related to any act or omission of Defendants.

13. Plaintiff's damages, if any, may be subject to offset by virtue of amounts received from other sources as provided by law.

14. Upon information and belief, Plaintiff may not be the real party in interest, in whole or in part, to pursue all or part of his claims and damages.

15. Plaintiff's claims for punitive or exemplary damages against Defendants are barred, reduced, or in the alternative, are unconstitutional and would violate their rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

16. Plaintiff was deprived of no well-settled liberty or property interest and he was afforded all the rights, privileges and immunities guaranteed by the Constitution and no constitutionally protected interest is impugned in relation to any claim of Plaintiff.

17. Plaintiff's claims against the Defendants are barred, in whole or in part, due to a failure of personal participation on their part.

18. No custom, policy or practice of the Colorado Department of Corrections or any of the Defendants violated any of the Plaintiff's constitutional rights.

19. Plaintiff's claims are barred by his failure to comply with jurisdictional and administrative prerequisites to suit, including applicable deadlines.

20. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, failure to exhaust administrative remedies, and failure to provide timely notice.

21. Plaintiff's claims for punitive or exemplary damages against the Defendants in their official capacities are barred by federal law.

22.     Plaintiff's claims for damages against the Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution and the definition of "person" of 42 U.S.C. § 1983.

23.     Plaintiff's claims for injunctive relief are moot.

24.     Plaintiff is not entitled to the relief sought in his Complaint under any of the theories asserted.

25.     Defendants specifically reserve the right to amend their Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become non-applicable upon completion of additional discovery.

WHEREFORE, having answered the allegations of the Plaintiff's Complaint in full, Defendants Aristedes Zavaras, Robert Cantwell, Scott H. Hall and Dona Zavislan move the Court for entry of an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorneys fees, and ordering such other and further relief as to the Court appears proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendants hereby demand a trial by jury on all issues so triable.

Dated this 18th day of December, 2009.

Respectfully submitted,


s/Andrew D. Ringel            .
Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
Tel:  303-628-3453
Fax: 303-293-3238
ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS ARISTEDES ZAVARAS, ROBERT CANTWELL, SCOTT H. HALL AND DONA ZAVISLAN**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 18th day of December, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David A. Lane, Esq.
dlane@kln-law.com

Sara J. Rich, Esq.
srich@kln-law.com

s/Loree Trout, Secretary to
Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3453
Fax: 303-628-3238
ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS ARISTEDES ZAVARAS, ROBERT CANTWELL, SCOTT H. HALL AND DONA ZAVISLAN**

H:\Users\RINGELA\colorado\HOWARD v. Zavaras\answer.doc